**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

PAM JOHNSTON                  PLAINTIFF

v.               CIVIL ACTION NO. 1:21-CV-091-SA-DAS

MYQUAD/QUAD GRAPHICS PRINTING         DEFENDANT

**NOTICE OF REMOVAL**

Defendant Quad/Graphics Printing LLC (incorrectly identified in the Complaint as ("myQuad; Quad/Graphics Printing Corporation") ("Quad" or "Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Mississippi, Oxford Division, from the Circuit Court of Alcorn County, Mississippi, as provided by Title 28, United States Code, Chapter 89. Defendant states as follows:

**I. INTRODUCTION AND BACKGROUND**

Plaintiff Pam Johnston commenced this action on April 26, 2021 by filing a Complaint in the Circuit Court of Alcorn County, Mississippi captioned *Pam Johnston v. MyQuad/Quad Graphics Printing*, Case No. cv2021-101KMA, (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

Defendant removes this Complaint to this Court pursuant to both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

Defendant was served with Complaint on May 5, 2021. Thus, Defendant has filed the Notice of Removal within 30 days of the date of service of the Summons or Complaint as required by 28 U.S.C. § 1446(b).

True and correct copies of the original Notice of Removal were promptly filed with the Clerk of Court of the Circuit Court of Alcorn County, Mississippi and served upon Plaintiff's

counsel of record. Finally, the required filing fee of $400.00 and an executed civil cover sheet accompany this Notice. A copy of the executed Civil Cover Sheet is attached as Exhibit B.

## II. STATEMENT OF VENUE

Venue is proper in the United States District Court for the Northern District of Mississippi as this case was originally filed in the Circuit Court of Alcorn County, Mississippi which lies within this District. See 28 U.S.C. § 1446(a); 28 U.S.C. § 104.

## III. STATEMENT OF JURISDICTION

### A. Federal Question Jurisdiction

The State Court Action alleges that Quad failed to pay the full sum of the deceased life insurance policy under Defendant's benefits plan. Plaintiff now seeks payment of outstanding amounts she believes is owed as named beneficiary of the deceased's life insurance policy. The policy in question is part of an "employee welfare benefit plan" as defined under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA") at § 1002(1) & (3).

Plaintiff's claim that she is owed life insurance benefits is therefore preempted by ERISA. 28 U.S.C. § 1144(a); *see also Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir. 1990) ("It is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits"); *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004); *Gann v. J&B Servs., Inc.*, No. 118CV00104GHDDAS, 2018 WL 4431297, at *2 (N.D. Miss. Sept. 17, 2018).

As the Complaint asserts a claim arising under ERISA, this Court has jurisdiction over the issues presented therein pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e)(1) (ERISA). Thus, this matter may be removed pursuant to § 1441(a), because Plaintiff's claim

against Defendant arises under and is governed by ERISA, which completely preempts any state law claims alleged in the Complaint and provides the exclusive federal remedy for resolution of claims by employee benefit plan participants, beneficiaries, or their representatives to recover benefits from such plans. 29 U.S.C. §§ 1132(a) and (e); *see Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004); *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133 (1990); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987); and *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).

### B. Diversity Jurisdiction

Furthermore, the Court has original jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

It appears from the Complaint that Ms. Johnston is a resident of the State of Mississippi who has made and intends to continue to make Mississippi her primary residence for the indefinite future. *See* Exhibit A at ¶¶ 1. Ms. Johnston is therefore a citizen of Mississippi for purposes of 28 U.S.C § 1332.

Defendant is a limited liability company formed under the State of Delaware and has its principal place of business in the State of Wisconsin. *See* Declaration of Laural Albrechtson, a copy of which is attached as Exhibit C. Defendant's sole member is QG Printing II, LLC, a limited liability company formed under the State of Connecticut and that has its principal place of business of the State of Wisconsin. QG Printing II, LLC's sole member is Quad/Graphics, Inc., a corporation incorporated under the State of Wisconsin with its principal place of business in Wisconsin. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008). Thus, Quad is not a citizen of Mississippi, but rather is a citizen of Wisconsin for purposes of 28 U.S.C. § 1332.

Accordingly, diversity of citizenship for purposes of 28 U.S.C § 1332, existed between Ms. Johnston and Quad at the time the State Court Action was commenced and continues to exist as of the time of filing this Notice of Removal.

The amount in controversy requirement of 28 U.S.C. § 1332 is also met. Ms. Johnston seeks damages in the amount of $104,000 along with punitive damages. *See* Exhibit A at ¶¶ 8. Additionally, Ms. Johnston seeks attorney's fees and costs which must also be taken into account when determining whether the amount in controversy is met. *See also Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *Love v. Chester's Diesel, LLC*, No. 416CV00179DMBJMV, 2017 WL 1274174, at *3 n. 2 (N.D. Miss. Apr. 5, 2017) (stating attorney's fees may be included in determining the jurisdictional amount if such fees can be supported by applicable law); *Hayes v. Dearborn Nat'l Life Ins. Co.*, 744 F. App'x 218, 224 (5th Cir. 2018) ("ERISA permits the court to award 'reasonable attorney's fee[s] and costs of action to either party.'" (quoting 29 U.S.C. § 1132(g)(1))). Although Defendant vehemently denies the allegations in the Complaint, Ms. Johnston's claim exceeds $75,000 exclusive of interest and costs.

Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

IV. **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that this civil action styled *Pam Johnston v. MyQuad/Quad Graphics Printing*, Case No. cv2021-101KMA, be removed to the United States District Court for the Northern District of Mississippi, Oxford Division, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

*/s/ Matthew G. Gallagher*
Matthew G. Gallagher (TN Bar No. 027242)
Littler Mendelson, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
Telephone: (901) 795-6695
Email: mgallagher@littler.com

Counsel for Defendant Quad/Graphics Printing LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and exact copy of the foregoing document has been filed with the Court through the Court's Electronic Case Filing System, this 1st day of June 2021, through which service will be made upon the following:

John A. Ferrell, MS Bar No. 0181
Ferrell & Martin, P.A.
P.O. Box 146
Booneville, MS  38829
Telephone: 662.728.5361

Counsel for Pam Johnston

*/s/ Matthew G. Gallagher*